UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NOS. 13-11025-RWZ and 14-14113-RWZ

BRADFORD & BIGELOW, INC.

v.

HEATHER T. RICHARDSON

*and*

BRADFORD & BIGELOW, INC.

v.

THOMAS E. RICHARDSON

MEMORANDUM OF DECISION

June 19, 2015

Plaintiff Bradford & Bigelow, Inc., moves to seal materials that it expects defendants Heather Richardson and Thomas Richardson will file with their forthcoming motions for summary judgment, as well as documents that it intends to file with its own motions for summary judgment. See Docket # 44 (C.A. No. 13-11025-RWZ), Docket # 17 (C.A. No. 14-14113-RWZ). The parties entered into stipulations that allowed them to designate documents produced during discovery as confidential. Docket # 44 at 13-18.[1] They apparently designated large quantities of documents that way, but failed to include a confidentiality provision in their stipulation—which was not submitted to the

---

[1] Citations are to documents filed in the Bradford & Bigelow, Inc. v. Heather T. Richardson, C.A. No. 13-11025-RWZ (D. Mass.). The parties have filed nearly identical motions in the two cases.

court for approval, as it should have been under Federal Rule of Civil Procedure 26(c). That rule governs what happens when a party that receives confidential information from another party needs to file it or write about it in a filing. Plaintiff wants to seal all of the documents that it designated as confidential in the summary judgment submissions, but defendants object because of the difficulties and costs associated with sealed filings and the general principle of public access to court records.

The problem raised in plaintiff's motion is, unfortunately, a common one in complex civil litigation before this court. See, e.g., Order, Skyhook Wireless, Inc. v. Google, Inc., No. 10-11571-RWZ (D. Mass. Feb. 18, 2015), Docket # 562. It seems to stem from parties' misconception that they, rather than the court, get to decide when documents are sealed. That is not so. Parties seeking to seal documents must explain, on a document-by-document basis, why sealing is required and how their request satisfies the applicable legal standard. Because plaintiff has not done that here, its motion is denied. The court, however, will allow the parties to submit a protective order for approval before summary judgment motions are filed[2] that includes a provision addressing the sealing issue and setting out a procedure to seal truly confidential materials only.

**I.      The Legal Standard for Filing Documents Under Seal**

"A party seeking to file a document under seal must demonstrate that 'good cause' exists to do so." Dunkin Donuts Franchised Restaurants, LLC v. Agawam

---

[2] For the sake of clarity, summary judgment deadlines will not be extended if the parties delay in doing this.

Donuts, Inc., No. CIV.A. 07-11444-RWZ, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008). This is because of the longstanding tradition of public access to trials and pre-trial motions in our judicial system—a tradition that is protected both by the common law and the First Amendment. See, e.g., Nixon v. Warner Comm'ns, 435 U.S. 589, 597 (1978); FTC v. Standard Fin. Mgmt., 830 F.2d 404, 408 n.4 (1st Cir. 1987) (common law); Lugosch v. Pyramid Co. of Onandaga, 435 F.3d 110 (2d Cir. 2006) (common law and First Amendment). And, at a more practical level, it is driven by administrative concerns. The court expends considerable resources to process and maintain sealed documents. See, e.g., Dunkin Donuts, 2008 WL 427290, at *1.

What constitutes "good cause," and therefore what concerns can justify a document being filed under seal, depends on the nature of the filing. The more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it. On one end of the spectrum, there is no public right of access to unfiled discovery materials. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 32-36 (1984). But, once a document produced in discovery is filed with the court, there is a presumptive right of public access. See Standard Fin. Mgmt. Corp., 830 F.2d at 409 ("[D]ocuments which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies."). At the opposite end of the spectrum from discovery materials, the public interest is strongest (and the burden to overcome it the highest) for documents introduced at trial or included in an appellate record. See, e.g.,

Poliquin v. Garden Way, 989 F.2d 527, 533 (1st Cir. 1993); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545-46 (7th Cir. 2002).

Between these extremes, the presumption may be overcome if the filing is not related to issues where there is no tradition of public access, like motions about discovery matters. See Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir. 1986) (holding that there is no common law right to inspect such documents because "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process"). But the pendulum swings the other way for materials filed in connection with non-discovery motions, like motions for summary judgment, Daubert motions, or motions in limine. See, e.g., Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not . . . ."). To seal such filings, the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information. See, e.g., Nixon, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing."); Baxter Int'l, Inc., 297 F.3d at 546 (describing other possible countervailing interests).

A common justification offered up as "good cause" for sealing a court filing is that a document is (or contains information that is) designated as confidential under a

stipulated protective order. That alone, however, is not enough. The "good cause" that justifies an umbrella protective order at the discovery stage (and allows such designations) is not sufficient to meet the heightened standard to seal filings about dispositive motions or trial. Cf. N.D. Cal. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."); Sedona Conference Working Group on Protective Orders, & Confidentiality & Public Access (WG2), The Sedona Guidelines: Best Practices Addressing Protective Orders, Confidentiality & Public Access in Civil Cases March 2007 Post-Public Comment Version, 8 Sedona Conf. J. 141, 154 (2007) ("The 'good cause' needed to support an umbrella protective order under Fed. R. Civ. P. 26(c) will not suffice to support the sealing of those discovery documents when filed in court."). Parties therefore may not rely solely on their designations under a discovery protective order to support sealing motions; they must show that each document they seek to seal should be sealed under the appropriate standard.

**II.     Bradford & Bigelow's Motions**

Under the terms of the parties' "Confidentiality Stipulation," all information and documents produced in this action are designated as "Confidential" unless such information or documents were previously "available to the public generally." Docket # 44 at 14. Disclosure of "Confidential" material is limited to six enumerated categories of recipients, and the stipulation prohibits the disclosure to recipients not specifically identified within those six categories. The stipulation does not authorize any party to

disclose Confidential information to the public generally, even if that disclosure is part of a court filing.

Bradford & Bigelow seeks to seal the summary judgment filings because they may rely upon its "customer pricing information," "employee emails and communications," "confidential and proprietary information and trade secrets concerning [its] manufacturing and business processes," "financial information . . . , including costs, expenses, and profit margins," "tax returns and related information, "personnel files," "communications between B&B and its customers," along with several other categories of documents designated as confidential. Docket # 44 at 3-4, 9-10. It does not explain why any specific documents should be sealed, but rather contends that all should be because the parties agreed to keep them secret in the Confidentiality Stipulation. But these documents, to the extent they will be filed with the court, will relate to and provide the foundation for dispositive motions. For such documents, the public interest in access is strong and the tradition of public access is robust. To support sealing them, Bradford & Bigelow must establish an overriding interest in sealing and must ensure that any sealing is narrowly tailored to shield as little from public view as possible.

## III. The Protective Order and Future Sealing Motions

I am mindful that the parties' "Confidentiality Stipulation," as currently written, presents them with the Hobson's choice of either seeking to file discovery materials designated as confidential under seal or not filing them at all. To address that, the parties shall file a revised version of that stipulation, seeking to have it approved as a

formal protective order, that includes a provision addressing the court's seal concerns.
The provision shall be substantially similar to the paragraph below. The parties may
modify the details of this language to fit with their proposed order (e.g., defined terms
may be changed), but they may not change the substance of the provision.

> **Filing Protected Material.** If a recipient of Protected Information ("Receiving Party") seeks to file documents designed as Protected Information or which contain information so designated, it shall provide at least 48 hours notice of its intention to do so to the party that designated that information as Protected Information ("Designating Party"). This Notice shall detail precisely which documents the Receiving Party seeks to file. The Receiving Party and Designating Party shall then meet and confer, within the next 24 hours, to discuss whether the Receiving Party objects to the public filing of each document, and, if it does, whether a compromise can be reached (e.g., filing only excerpts of the document or filing only a redacted version of the document). This shall be a substantive, not pro forma, meet and confer, and counsel with substantial decision-making authority for both parties shall be present. If any disputes remain after this meet and confer, the Receiving Party shall file any documents for which there is no dispute publicly, along with redacted copies of documents for which there is a dispute. The Receiving Party shall also contemporaneously file a joint motion for leave to file under seal only the documents for which a dispute remains. For each such document, the motion shall describe (1) the general nature of the Protected Information, (2) why the Protected Information is necessary to the filing, (3) why the Designating Party objects to public disclosure of Protected Information (specifically addressing the standard for sealing), (4) which counsel were present at the meet and confer, and (5) what compromises were discussed in the meet and confer. The Receiving Party shall also lodge with the court a CD containing electronic copies of unredacted versions of the documents no later than 12:00 P.M. (Boston time) on the business day following the filing of the motion for leave to file under seal. The unredacted versions must indicate, by highlighting or other clear method, the portions of the documents that have been omitted from the redacted versions, and prominently display the notation "UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED." The parties shall not file paper copies of unredacted versions until a motion for leave to file under seal is allowed. If the court denies a motion for leave to file a document under seal, the Receiving Party may immediately file it in the public record without contravening this Protective

Order.  The court will not allow a motion for leave to file a sealing motion under seal.


    June 19, 2015                                       /s/Rya W. Zobel    
       DATE                                               RYA W. ZOBEL
                                                          UNITED STATES DISTRICT JUDGE